Priscilla and Paul White v. Commissioner.
White v. Commissioner
Docket No. 4972-69 "SC".
United States Tax Court
T.C. Memo 1970-96; 1970 Tax Ct. Memo LEXIS 266; 29 T.C.M. (CCH) 457; T.C.M. (RIA) 70096; April 27, 1970. Filed Priscilla White, pro se, 7042 E. Kirby, Detroit, Mich. James C.Lynch, for the respondent. SCOTT *267 Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1967 in the amount of $264. The only issue for decision is whether petitioners are entitled to a dependency exemption for Elizabeth Griffin, the niece of Priscilla White, respondent at the trial having conceded that petitioners were entitled to the exemption for Eunice Griffin which was disallowed in the notice of deficiency. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife who resided in Detroit, Michigan at the date of the filing of their petition in this case, filed their joint Federal income tax return for the calendar year 1967 with the district director of internal revenue at Detroit, Michigan. Petitioner Priscilla White, hereinafter referred to as petitioner, took her two nieces, Eunice and Elizabeth Griffin, into her home to live with her when they were infants. The two girls have lived in petitioner's home and been supported by petitioner from the time of their infancy through the calendar year 1967. During the calendar year 1967 Elizabeth Griffin was 20 years *268 old and was a fulltime student at Wilberforce University in Wilberforce, Ohio. During this year Elizabeth earned approximately $1,500 which was expended for the expenses of her schooling. The total expenses of Elizabeth including room, board, tuition, clothes, travel, and incidental expenses during the calendar year 1967 was approximately $4,000. In addition to the $1,500 which Elizabeth earned, her expenses were in part defrayed by a small scholarship. Except for Elizabeth's earnings and the small scholarship which she had, her expenses were paid by petitioner and the amount of Elizabeth's support paid by petitioner during the calendar year 1967 was over one-half of the cost of Elizabeth's support. 458 Petitioners on their Federal income tax return claimed a dependency credit exemption for Elizabeth and respondent in his notice of deficiency disallowed this exemption with the explanation that since Elizabeth had gross income in excess of $600 during the year 1967 she did not qualify as a dependent under section 151, I.R.C. 1954. Opinion Section 151(e), I.R.C. 1954, as applicable to the calendar year 1967 provides for an exemption of $600 for each dependent as defined in *269 section 152, whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600 or "who is a child of the taxpayer and who * * * is a student." Section 152 (b)(2), I.R.C. 1954, as applicable to the taxable year 1967, provides that a legally adopted child of an individual shall be treated as a child of such individual by blood. There is no provision in the Code as applicable to the year 1967, providing for allowance of a dependency exemption to a person who contributes over one-half of the support of a niece if that niece has income in excess of $600 for the calendar year. Section 152(b)(2) was amended by P.L. 91-172, sec. 912(a) to read as follows: In determining whether any of the relationships specified in subsection (a) or paragraph (1) of this subsection exists, a legally adopted child of an individual (and a child who is a member of an individual's household, if placed with such individual by an authorized placement agency for legal adoption by such individual), or a foster child of an individual (if such child satisfies the requirements of subsection (a)(9) with respect to such individual), shall be treated as a child of such individual *270 by blood. Section 152(a)(9) includes in the definition of dependent an individual who for the taxable year of the taxpayer has his principal place of abode in the home of the taxpayer and is a member of the taxpayer's household. It might well be, as petitioner contends, that Elizabeth is her foster child and therefore under the provisions of section 152(b)(2) as amended in 1969, Elizabeth would be considered as a child by blood of petitioner. However, the amendment to section 152(b)(2) made by P.L. 91-172, section 912(a), is specifically made applicable only to taxable years beginning after December 31, 1969. Therefore, under the law as it existed for the calendar year 1967, petitioner is not entitled to a dependency exemption for Elizabeth. Decision will be entered under Rule 50.